STEVENS ET AL. *v.* STATE EX REL. WHITLOCK.

[No. 14,704. Filed November 10, 1933.]

560

*Beasley, Aikman, O'Brien & Beasley,* for appellants.

SMITH, J.—Appellee brought this action against appellants under section 9735, et seq., Burns Ann. St. 1926, to recover certain license fees claimed to be due the common school fund of Vigo county, Indiana, for the privilege of transacting business as transient merchants.

The complaint, in one paragraph, alleged that appellants were transient merchants, and came within the provisions of the statutes above mentioned, and were engaged in the business of selling rugs in Vigo county, Indiana, without first having procured any licenses or paying any license fees for so doing, as provided by said statutes; that appellants operated their business as such transient merchants through one Charlotte Peters who was the agent for appellants and conducted said business in her home and sold a quantity of said merchandise; that there was due from appellants for such license fees, together with a 25 per cent penalty as provided by statute, the sum of $375.00. Then followed a prayer for judgment for $375.00 and for an attachment.

To this complaint, appellants filed an answer in general denial which closed the issues.

The cause was submitted to the court and a jury for trial, which resulted in a verdict for appellee in the sum of $375.00, and that appellee "have a lien and a judgment against the property of appellants in this state." Judgment was rendered upon the verdict against appellants for said sum and for a lien in accordance therewith.

Appellants seasonably filed their motion for a new trial, setting up three grounds therefor, only two of which need be considered: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law. This motion was overruled, which action is the only error assigned.

Appellants raise three questions in urging the reversal of this judgment, and we will consider them in the inverse order.

The third proposition is that the evidence fails to show that the business in which appellants were engaged was that of transient merchants. The evidence shows that the appellant, Quaker Valley Manufacturing Company, was located in Aurora, Illinois, and that the appellant, E. E. Stevens, was the president of the corporation; that the business of the appellant corporation is the selling of the rugs, carpets, and rug pads; that the appellant Quaker Valley Manufacturing Company, through the appellant E. E. Stevens as its president, got in touch with one Charlotte Peters, of Terre Haute, Indiana, at her home and made arrangements for said Peters to handle the merchandise of appellants in her home upon a commission basis; that appellants sent out advertising matter for Mrs. Peters, advertising their goods for sale and setting forth therein that they could undersell other merchants located in Terre Haute because they had no overhead

expenses; that they rented no building in Terre Haute for the conduct of their business, nor would they have to pay any taxes upon property; that they owned the merchandise and consigned it to their agent Peters upon a commission basis.

We think there is sufficient evidence to show that the business in which appellants were engaged was that of transient merchants and subject to the payment of the license fee.

The second proposition raised by appellants is that "there is not a scintilla of evidence to show that the appellant, Quaker Valley Manufacturing Company, which was engaged in the business of selling rugs in Vigo county, Indiana . . . failed to procure a license as a transient merchant or failed to pay the license fee provided for by the statute." The evidence shows that the contract and agreement made by the appellants and said Peters for the sale of the rugs was negotiated and executed by the appellant E. E. Stevens as president in the name of the Quaker Valley Manufacturing Company. There was a stipulation made and accepted in evidence which provided "that the defendant E. E. Stevens had not prior to the 13th day of October, 1931, paid any license fee into the county treasurer's office of Vigo county, Indiana, taking his receipt therefor and procuring a license as transient merchant." There was no direct stipulation that the appellant Quaker Valley Manufacturing Company had not taken out a license, but the evidence discloses that all of the arrangements and negotiations between the appellant, Quaker Valley Manufacturing Company, and said Peters for the sale of the rugs was conducted by the appellant E. E. Stevens as president of the corporation. He testified that he was president of Quaker Valley Manufacturing Company, and had been its president for nineteen years, and that "in making arrangements with Mrs. Peters, I was

acting on behalf of Quaker Valley Manufacturing Company. I have no business of my own separate and distinct from the corporation." (This quotation is taken from appellants' brief [p. 29] in its condensed recital of the evidence.)

All of the arrangements being made by Mr. Stevens for and on behalf of the Quaker Valley Manufacturing Company for the sale of their merchandise, and no one else having had anything to do with it as far as the Quaker Valley Manufacturing Company is concerned, then, if any license were taken out, it of necessity would have been procured by Mr. Stevens. Having stipulated that he took out no license in Vigo county and paid no license fee for the transaction of this business, and having testified that he was acting on behalf of the Quaker Valley Manufacturing Company and had no separate business of his own, distinct from the corporation, there was sufficient evidence to warrant the jury in finding that the appellant Quaker Valley Manufacturing Company had not procured a license as a transient merchant as provided by the statutes.

The first proposition made by appellants is that the appellant E. E. Stevens is not liable, and the judgment should be reversed as to him because in his dealings with Charlotte Peters, the agent, in connection with the rugs and the sale thereof (quoting from appellant's brief) "he was acting in his official capacity as president of the Quaker Valley Manufacturing Company and did not personally own the rugs in question. There is not a scintilla of evidence, direct or circumstantial, to indicate that the appellant Stevens in his individual capacity was ever engaged in business of any kind or character in the state of Indiana."

Section 9740, Burns Ann. St. 1926 (§10495, Baldwin's Ind. Ann. Stat. 1934), provides that: "The words 'transient merchant' when used in the act shall include all

persons, individuals, co-partners and corporations, both as principals and agents, who engage in, do, or transact any temporary and transient business in this state." The evidence shows that Mr. Stevens, the appellant, was acting as the agent for the appellant Quaker Valley Manufacturing Company in making the arrangements for selling the merchandise; in fact, he says that in making the arrangements with Mrs. Peters for the sale of the goods, he was acting on behalf of the Quaker Valley Manufacturing Company and that he had no business of his own, separate and distinct from the corporation.

There was sufficient evidence to warrant the jury in finding that the appellant Stevens came within the definition given in the statute of transient merchants. He was the agent of the appellant Quaker Valley Manufacturing Company, and liable under the provisions of the statute as a transient merchant.

There is sufficient evidence to sustain the verdict of the jury in finding for appellee. The verdict of the jury was not contrary to law.

Judgment affirmed.